IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
07/06/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

Cesar Augusto CASTILLO RUIZ,                )
                                            )
                 Petitioner,                )
                                            )
        v.                                  )      Case No. 26-3209-JWL
                                            )
Misty MACKEY, Warden, Midwest Regional      )
        Reception Center;                   )
David VENTURELLA, Acting Director, ICE; and )
Markwayne MULLIN, Secretary, DHS,           )
                                            )
                 Respondents.               )
                                            )
_____    )

## MEMORANDUM AND ORDER TO SHOW CAUSE

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. Petitioner previously brought a habeas action, and by Memorandum and Order of May 22, 2026, the Court denied the petition in that case. *See Castillo Ruiz v. Carter*, No. 26-3064, 2026 WL 1457252 (D. Kan. May 22, 2026) (Lungstrum, J.). The Court first denied petitioner's claim that his detention under 8 U.S.C. § 1231(a) had become unreasonably indefinite under the framework adopted by the Supreme Court in *Zadvydas v. Davis*; the Court reasoned that because petitioner's appeal remained pending, his removal order was not yet final, and thus Section 1231(a) and *Zadvydas* did not apply. *See id.* at *1. The Court also denied petitioner's claim that his detention without the possibility of release on bond violated due process because, as confirmed by the Government, petitioner was being detained pursuant

to 8 U.S.C. § 1226(a), which allows for the possibility of release on bond. *See id.* The Court noted that petitioner had in fact received a bond hearing on the merits, and it stated that if circumstances had changed since that hearing, petitioner was free to request another hearing. *See id.* (citing 8 C.F.R. § 1003.19(e)).

By his present petition, petitioner now challenges his detention without a bond hearing under Section 1226(a) as a violation of due process, and he seeks as relief an individualized custody status review – i.e., a bond hearing – based on changed circumstances since his April 2025 bond hearing. As noted in the prior order, however, petitioner may seek a new hearing pursuant to applicable regulations. Petitioner has not shown that he has requested such a hearing in the immigration court (thereby exhausting administrative remedies, as required); accordingly, petitioner has not established any violation of due process, as he has not shown that the Government has denied him a hearing. Nor has petitioner shown that this Court may review a bond decision by the immigration court. *See* 8 U.S.C. § 1226(e). Accordingly, petitioner has not shown that he is entitled to relief to remedy a violation of federal law, and the petition is therefore subject to denial..

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner is hereby ordered to show cause, by filing a written response on or before **August 3, 2026**, why the petition should not be denied for the reasons discussed herein.

IT IS SO ORDERED.

Dated this 6th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge