IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
08/04/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

Cesar Augusto CASTILLO RUIZ,            )
                                        )
                Petitioner,             )
                                        )
    v.                                  )    Case No. 26-3209-JWL
                                        )
Misty MACKEY, Warden, Midwest Regional  )
    Reception Center;                   )
David VENTURELLA, Acting Director, ICE; and )
Markwayne MULLIN, Secretary, DHS,       )
                                        )
                Respondents.            )
                                        )
_____ )

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner previously brought a habeas action, and by Memorandum and Order of May 22, 2026, the Court denied the petition in that case. *See Castillo Ruiz v. Carter*, No. 26-3064, 2026 WL 1457252 (D. Kan. May 22, 2026) (Lungstrum, J.). The Court first denied petitioner's claim that his detention under 8 U.S.C. § 1231(a) had become unreasonably indefinite under the framework adopted by the Supreme Court in *Zadvydas v. Davis*; the Court reasoned that because petitioner's appeal to the Board of Immigration Appeals (BIA) remained pending, his removal order was not yet final, and thus Section 1231(a) and *Zadvydas* did not apply. *See id.* at *1. The Court also denied petitioner's

claim that his detention without the possibility of release on bond violated due process because, as confirmed by the Government, petitioner was being detained pursuant to 8 U.S.C. § 1226(a), which allows for the possibility of release on bond. *See id.* The Court noted that petitioner had in fact received a bond hearing on the merits, and it stated that if circumstances had changed since that hearing, petitioner was free to request another hearing. *See id.* (citing 8 C.F.R. § 1003.19(e)).

In his present habeas case, petitioner essentially asserts the same claim, as he challenges his detention without a bond hearing under Section 1226(a) as a violation of due process, seeking as relief an individualized custody status review – i.e., a bond hearing – based on changed circumstances since his April 2025 bond hearing. By Memorandum and Order of July 6, 2026, the Court ordered petitioner to show cause why this petition should not be denied. The Court noted that petitioner had not shown that he is entitled to relief to remedy a violation of federal law because petitioner could still seek a new hearing pursuant to applicable regulations.

Petitioner has now responded to the show-cause order. He notes that he has not sought a new bond hearing, as he could, but he requests that the Court address his due process claim anyway, arguing that his prolonged detention violates due process because of the changed circumstances since his 2025 bond hearing. Again, however, petitioner has not shown such a violation because he cannot show that he has been denied a hearing that he has not requested as permitted under the applicable regulations. Moreover, petitioner has not shown that such a request for a hearing would be futile, as the Government conceded in the prior habeas case that petitioner is presently being detained under Section

1226(a), which allows for discretionary release on bond.[1]  Accordingly, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 4th day of August, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[1]  The Court notes that in cases in which it has ruled that mandatory detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged, it has ordered a bond hearing as if the petitioner is detained under Section 1226(a).  *See, e.g.*, *Nguyen v. Carter*, 2026 WL 522650 (D. Kan. Feb. 25, 2026).  Thus, the remedy for petitioner's due process claim is already available to him.